Requestor: Terry J. Wilhelm, Esq., Town Attorney Town of Greenville P.O. Box 489 Windham, New York 12496
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether under specified circumstances a person may serve simultaneously as a member of a town planning board and a county planning board. You have referred to prior opinions of this office (Informal Opinion Nos. 90-56, 89-36) which deal with this question, and have asked that we consider this matter in relation to specific facts defining the zoning and land use planning procedures in your town.
You have indicated that your town planning board has prepared a master plan which has been utilized as an advisory document by the town zoning commission and the town board in the development of zoning and land use planning regulations. Further, a number of substantial departures from the master plan appear in the zoning regulations actually adopted. You relate that the zoning law is "very much the product of the Town Board, reflecting its view of land use and its development policy for the town". You have also indicated that the town zoning law grants site plan review authority to the town planning board. County planning board review of town planning board site plan determinations occur infrequently, in your estimation about once every six months.
You have asked whether under these circumstances membership on both the town and county planning boards is incompatible, or in the alternative, whether recusal is an appropriate remedy.
In a prior opinion, based on the specific powers of a particular town's planning board we found that these two positions were incompatible. Informal Opinion No. 89-36. In that town, the planning board possessed site plan approval power and had prepared the master plan which actually served as the foundation for enactment of zoning regulations.
Under these circumstances, we concluded that those two positions were incompatible.
 "County planning board review takes into consideration regional planning concerns in reviewing local zoning regulations. Its members must not have local affiliations and interests that jeopardize the impartiality needed to perform this role. The review of town planning board site plan proposals by the county planning board creates a direct and substantial conflict of interests. [Further, we found that review by the county planning board of certain zoning regulations of the town board also creates a conflict where the regulations are specifically based upon a master plan developed by the town planning board.] Under these circumstances, a person who is a member of both the town planning board and the county planning board may not in certain cases be able to exercise his duties impartially."
Under the facts you have indicated, in our view recusal is an appropriate remedy. Where there are substantial conflicts between the duties of two positions we have found incompatibility. But where conflicts are infrequent and not substantial, we have found that recusal is an appropriate remedy. Unlike the situation discussed in our prior opinion, the master plan developed by your town planning board is an advisory document. Further, review by the county planning board of town site plan determinations is very infrequent. In our view, the individual in question must recuse himself from any participation in review by the county planning board of site plan determinations by the town planning board and should recuse himself from any other matters in which he has a specific contrary interest as a member of the town planning board.
We conclude that where there is infrequent review by a county planning board of town planning board determinations, a person may serve simultaneously on both boards but must recuse himself from any matters wherein he has an actual or perceived conflict.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.